# THE MARKS LAW FIRM, P.C.

February 23, 2026

**MEMO ENDORSED**

**Via ECF:**
Hon Judge Gary Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Application granted. The Court will separately schedule a discovery conference in this matter. SO ORDERED.

Date:   February 27, 2026

*Gary Stein*

**Gary Stein**
**United States Magistate Judge**
**Southern District of New York**

RE:   **Altaune Brown v. New Wen Zhou Wireless, Inc., et al.**
Index:  1:25-cv-00070-RA-GS

Dear Judge Stein,

Plaintiff respectfully requests a 37.2 conference before Your Honor to adjudicate the discovery issues raised by Plaintiff below, in accordance with Section II (C) of Your Honors Individual Part Rules and SDNY Local Civil Rule 37.2.

On December 5, 2025, the Court so-ordered the Civil Case Management Plan and Scheduling Order ("CMP") [Dkt. 46](Exhibit A). The CMP set forth deadlines for discovery that were proposed and agreed to by the parties.

On November 19, 2025, Plaintiff timely served the appearing Defendant, WING HEE CONDOMINIUM INC. through its counsel, Morton Minsely, with Plaintiff's Rule 26(a)(1) Initial Disclosures, First Set of Interrogatories, and First Requests for Production (collectively, the "Combined Discovery Demands") (Exhibit B). Pursuant to the CMP and the Federal Rules of Civil Procedure, Defendant's responses were due no later than January 5, 2026.

As of February 5, 2026, Plaintiff had received no responses whatsoever to the Combined Discovery Demands. Defendant did not serve objections, request an extension, or move for a protective order.

On February 5, 2026, Plaintiff sent a discovery deficiency notice to Defendants counsel, Morton Minsely, Esq, and requested a 37.2 meet and confer to discuss the outstanding discovery responses outlining discovery dispute and attempt to resolve the same (Exhibit C – 37.2 meet and confer request). The 37.2 meet and confer request specifically stated "If we are unable to engage in the rule 37.2 meet and confer or unable to resolve the current discovery issues by Monday at 2:00 pm, for any reason with, then we will raise the issue with the court in a 37.2 conference seeking an order compelling production or striking the answer and all other remedies the court deems appropriate."

On February 6, 2026, Defendant's counsel responded and we engaged in a 37.2 meet and confer by phone for about 10-20 minutes. Considering the sole issue with the complete lack of response from opposing counsel and his client, the issue was quickly resolved by Defendants

155 East 55th St, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

## THE MARKS LAW FIRM, P.C.

agreeing to an additional 2-week period to respond to the Combined Discovery Demands, which was February 20, 2026 (per the request of Defense Counsel).

Since then,  February 20, 2026 passed, and yet again no responses were produced to the combined discovery demands, no rule 26 disclosures were produced,  no further extensions were requested, and no good cause or reason was provided for failing to produce any responses again or comply with the court orders. The parties are therefore at an impasse and requires judicial intervention. Defendant's non-responsiveness appears consistent with conduct previously addressed in this action, where Mr. Minsley and his clients failed to comply with court-ordered deadlines and necessitated Judge Abrams to issue an order to comply or faced sanctions. See, *Brown v. New Wen Zhou Wireless*, No. 1:25-cv-00070, Dkt. 35 (10/27/2025).

Defendant, WING HEE CONDOMINIUM INC., has been in possession of Plaintiff's Combined Discovery Demands and Rule 26 initial disclosures since November 19, 2025—over three months—yet has produced nothing. Defendant has not served its own Rule 26(a)(1) disclosures and has failed to comply with the CMP. This ongoing noncompliance is prejudicial to Plaintiff causing significant delays, allowing the discriminatory conditions to continue, and has failed to offer or provide any good cause for their intentional acts of delaying this matter. While the noncompliance alone, is in

Accordingly, Plaintiff respectfully requests a Rule 37.2 conference with the Court to address Defendant's, WING HEE CONDOMINIUM INC., failure to provide discovery, to obtain appropriate relief including an order compelling production, and to extend discovery deadlines as necessary.

Plaintiff thanks the Court for its time and consideration.

Respectfully Submitted,

The Marks Law Firm, P.C.

By:_____

Bradly G. Marks

155 East 55th St, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

THE MARKS LAW FIRM, P.C.

# EXHIBIT A

155 East 55th St, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

THE MARKS LAW FIRM, P.C.

# EXHIBIT B

155 East 55th St, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

THE MARKS LAW FIRM, P.C.

# EXHIBIT C

155 East 55th St, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :

ALTAUNE BROWN,                           :

                                        :

                       Plaintiff(s),   :

                                           :               No. __25__ Civ. __00070__ (RA)

                   -v-                 :

NEW WEN ZHOU WIRELESS, INC.,      :         CASE MANAGEMENT PLAN AND
and WING HEE CONDOMINIUM, INC.    :            SCHEDULING ORDER

                    Defendant(s).  :

                                           :

------------------------------------------------------------ X

RONNIE ABRAMS, United States District Judge:

Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1.     All parties [consent _____ / do not consent __X__) to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remainder of the Order need not be completed at this time*.]

2.     The parties [have __X__ / have not _____] engaged in settlement discussions.

3.     This case [is _____ / is not __X__] to be tried to a jury.

4.     No additional parties may be joined after _____1/5/26_____ without leave of the Court.

5.     No amendments to the pleadings may be made after _____1/5/25_____ without leave of the Court.

6.     Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than _____12/19/25_____. [*Absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f)*.]

7.     All fact discovery is to be completed no later than _____4/3/26_____. [*A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances*.]

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by __12/19/25__.

    b. Interrogatories shall be served by __12/19/25__.

    c. Depositions shall be completed by __3/3/26__.

    d. Requests to Admit shall be served no later than __3/3/26__.

9. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by _____6/2/26_____. [*The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.*]

10. All discovery shall be completed no later than __7/2/26__.

11. The Court will conduct a post-fact discovery conference on __April 17, 2026__ at ____11:00 a.m.____. [*To be completed by the Court.*] Unless the parties request otherwise, the Court will hold this conference by telephone. The parties shall use the following dial-in information to call in to the conference: Call-in Number: (855) 244-8681; Meeting ID: 2305 542 4735. This conference line is open to the public. No later than one week in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

12. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due thirty (30) days from the close of discovery, or if any dispositive motion is filed, thirty (30) days from the Court's decision on such motion. This case shall be trial ready sixty (60) days from the close of discovery or the Court's decision on any dispositive motion.

13. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. _____ Referral to a Magistrate Judge for settlement discussions.

    b. _____ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b).*]

2

      c.   _____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14.     The parties have conferred and their present best estimate of the length of trial is     __2-3 days__.

SO ORDERED.

Dated:       December 5, 2025
          New York, New York

                                      _____
                                        Hon. Ronnie Abrams
                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAUNE BROWN,<br><br>                Plaintiff,<br><br>   v.<br><br>NEW WEN ZHOU WIRELESS, INC.,<br>and WING HEE CONDOMINIUM INC.,<br><br>              Defendants. | **PLAINTIFF'S INITIAL DISCLOSURES<br>PURSUANT TO FRCP RULE 26**<br><br><br>Civil Case No.:  1:25-cv-00070-RA |

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 26, the Plaintiff, ALTAUNE BROWN, by and through his counsel, The Marks Law Firm, P.C. sets forth the following as the initial disclosures pursuant to FRCP Rule 26(a)(1). Plaintiff reserves all rights to amend or supplement these disclosures as discovery proceeds.

### INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

**i.     The name, address, and telephone number of<br>        each individual likely to have discoverable information:**

**Plaintiff**

1.     Plaintiff, ALTAUNE BROWN, has information regarding the facts and circumstances underlying his claim in this action and the damages sought.

> ALTAUNE BROWN
> c/o The Marks Law Firm, PC
> 155 East 55th St, Suite 4H
> New York, NY 10022

**Defendants**

1.  Defendants:

a.    Upon information and belief, Defendant NEW WEN ZHOU WIRELESS, INC., 17 East Broadway, New York, NY 10002, is likely to have discoverable information related to the facts and circumstances underlying and associated with this action through its principals, employees, managers, agents, contractors, and subcontractors.

b.    Upon information and belief, Defendant WING HEE CONDOMINIUM INC., c/o Morton Seth Minsley, Esq., 101 Lafayette Street, 10th Floor, New York, NY 10013, is likely to

have discoverable information related to the facts and circumstances underlying and associated with this action through its principals, employees, managers, agents, contractors, and subcontractors.

2.    The information believed to be in possession of these Defendants includes, but is not limited to:

a.    The Premises 17 East Broadway, New York, NY 10002 ("Defendants' Premises"):

i.    Business records; internal communications and memoranda; external communications; document retention policies; business practices, procedures, and protocols; building management practices, procedures, and protocols; financial records; tax returns; construction and renovation records; employee handbooks; leases; subleases; license agreements; municipal permit applications; insurance policies; municipal licensing compliance; public accommodation practices, procedures, and protocols; security records; and video surveillance recordings.

ii.    The identities and contact information for Defendant's respective architects, engineers, contractors, subcontractors, expediters, consultants, principals, employees, managers, and agents.

b.    The store operating as New Wen Zhou Wireless:

i.    Public accommodation practices, procedures, and protocols, customer interaction practices, procedures, and protocols; store management practices, procedures, and protocols; business records; internal communications and memoranda; external communications; document retention policies; business practices, procedures, and protocols; building management practices, procedures, and protocols; financial records; tax returns; construction and renovation records; employee handbooks; leases; subleases; license agreements; municipal permit applications; insurance policies; municipal licensing compliance; and security records; and video surveillance recordings.

ii.    The identities and contact information for Defendant's respective architects, engineers, contractors, subcontractors, expediters, consultants, principals, employees, managers, and agents.

3.    Upon information and belief, Defendants have additional documents and records that are not readily identifiable to Plaintiff at this initial stage of the Action but are relevant to, and likely to lead to, discoverable information.

ii.    **Copies of all documents the disclosing party may use to support its claims:**

1.    Upon information and belief, most, if not all, of the documents relevant to this Action are either a matter of public record, and/or are not readily available to Plaintiff because such documents are in the exclusive possession and control of Defendants.

**iii.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including <u>materials bearing on the nature and extent of injuries suffered.</u>**

1.     Plaintiff is seeking the following damages:

a.     Injunctive relief pursuant to 42 U.S.C. §12188, including but not limited to an order that forthwith:

i.     Defendants alter the public accommodations within its premises to provide all readily achievable accommodations that would remove barriers and create independent access for individuals with disabilities to the extent required by ADA Title III of the Americans with Disabilities Act 42 U.S.C. §12181, et. Seq. ("ADA"); the New York City Human Rights Law ("NYCHRL"); and the New York State Human Rights Law ("NYSHRL").

ii.     The public accommodations within its premises to make all readily achievable modifications that would remove barriers and create independent access for individuals with disabilities to the extent required by the ADA, NYCHRL, and NYSHRL.

iii.     Closing of the public accommodations within Defendant's premises until all of the required modifications are completed and accommodations are provided so that the public accommodations within Defendant's premises are readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, NYCHRL, and NYSHRL.

iv.     Closing of the public accommodations within Defendant's premises until the public accommodations within Defendant's premises are made fully compliant with the ADA, NYCHRL, and NYSHRL.

b.     Compensatory damages against both Defendants, joint and severally, based on their continued violation of the NYSHRL, in an amount that continues to accrue and cannot yet be determined.

c.     Compensatory damages against both Defendants, joint and severally, based on their continued violation of the NYCHRL, in an amount that continues to accrue and cannot yet be determined.

d.     Compensatory damages against both Defendants, joint and severally, pursuant to N.Y. Exec. Law §297 (4)(c) in an amount that continues to accrue and cannot yet be determined.

e.     Pursuant to the NYCHRL, a disgorgement of profits earned by both Defendants from their deriving revenue and otherwise profiting from their use of the public accommodations within Defendant's premises in violation of the ADA, NYCHRL, and NYSHRL, in an amount that continues to accrue and cannot yet be determined.

f.     To enforce Plaintiff's rights under the ADA, NYCHRL, and NYSHRL, Plaintiff

3

needed to retain the undersigned counsel for the commencement and prosecution of this action. Pursuant to the ADA, NYCHRL, and NYSHRL, Plaintiff is entitled to recover from Defendants, joint and severally, any and all reasonable attorneys' fees costs and expenses incurred from this action, and their violation of the ADA, NYCHRL, and NYSHRL in an amount that continues to accrue and cannot yet be determined.

iv.     **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or <u>to indemnify or reimburse for payments made to satisfy the Judgment.</u>**

1.     Upon information and belief, any relevant insurance agreements, if any, are not readily available to Plaintiff because such agreements, if any, are in the exclusive possession and control of Defendants.

**PLEASE TAKE NOTICE**, that the foregoing list of documents might be supplemented and amended because the parties are in the process of retrieving information. Accordingly, Plaintiff reserves the right to amend and supplement these initial disclosures as needed upon Defendants producing discovery and other relevant information.

**PLEASE TAKE FURTHER NOTICE**, that the following initial disclosures are made by Plaintiff without the benefit of the Defendants having provided any discovery. Accordingly, Plaintiff reserves the right to amend and supplement these initial disclosures as needed upon Defendants producing discovery and other relevant information.

Dated: New York, New York
November 19, 2025

Respectfully submitted,

**THE MARKS LAW FIRM, P.C.**

By: _____
Richard M. Madnick, Esq.
*Attorneys for Plaintiff*
155 East 55th Street, Suite 4H
New York, NY 10022
Tel: (646) 770-3775
Email: rmadnick@markslawpc.com

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                            Plaintiff,

    v.

NEW WEN ZHOU WIRELESS, INC.,
and WING HEE CONDOMINIUM INC.,

                            Defendants.

**PLAINTIFF'S FIRST REQUEST
FOR INTERROGATORIES AS TO
WING HEE CONDOMINIUM INC.**

Case No.:  1:25-cv-00070-RA

## PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, ALTAUNE BROWN, by and through his counsel, The Marks Law Firm, PC, serves the following interrogatories upon the Defendant, WING HEE CONDOMINIUM INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to FRCP Rules 33, and 33.1.

1.    Provide the name, address, telephone number, place of employment and job title of all persons who have, claims to have, or whom you believe to have, knowledge or information pertaining to any act alleged in the pleadings (as defined in FRCP 7[a]), filed in this action, or facts underlying the subject matter of this action as described in the Complaint.

2.    Identify all employees who were employed and assigned to oversee or scheduled to work at 17 East Broadway, New York, NY 10002 ("Defendants' Premises") on the date of occurrence stated in the Complaint. If said person is no longer in Defendant's employ, provide their last known address and phone number.

3.    For each employee identified in your response, provide their business address, or last known address, and state the specific nature and substance of the knowledge that you believe the person may have.

5

4.      Identify all architects retained by Defendants from January 1, 1990, through the date of this demand as related to the public accommodations within Defendants' Premises as described in the Complaint.

5.      Identify all construction contractors retained by Defendants from January 1, 1990, through the date of this demand as related to the public accommodations within Defendants' Premises as described in the Complaint.

6.      Identify all construction sub-contractors retained by, or on behalf of, Defendants from January 1, 1990, through the date of this demand as related to the public accommodations within Defendants' Premises as described in the Complaint.

7.      Identify all construction managers retained by Defendants from January 1, 1990, through the date of this demand as related to the public accommodations within Defendants' Premises as described in the Complaint.

8.      Identify all expediters retained by Defendants from January 1, 1990, through the date of this demand as related to the public accommodations within Defendants' Premises as described in the Complaint.

9.      State the name(s), address(es), and representative(s) of all persons or entities that own, operate, manage, control, or exercise dominion over any part of the public accommodations within Defendants' Premises as described in the Complaint.

10.     For any person or entity identified in your response to Interrogatory No.: 09, state the specific nature of that person's or entity's interest in the public accommodations within Defendants' Premises as described in the Complaint.

11.     Identify each expert witness you may use at trial.

12.     For each expert witness identified in your response, provide their name, business address, and state in detail the sum and substance of the opinion or opinions to be provided by said

6

expert that you intend to use at trial as required by FRCP Rule 26 (2)(b), and the Federal Rules of Evidence §§702, 703, and 705.

13.    Identify all insurance policies related to Defendants' Premises that were in effect on the date of occurrence stated in the Complaint.

14.    For any insurance policy identified in your response, state the: name of the insurance carrier that issued the policy; the policy number; the nature of, and policy limitations for, each issued policy.

15.    Identify all documents, including the document's date and title, related to the ownership and operation of Defendants Premises and the public accommodation therein, which includes, but is not limited to, any: deeds; Public accommodation practices, procedures, and protocols; customer interaction practices, procedures, and protocols; store management practices, procedures, and protocols; business records; internal communications and memoranda; external communications; document retention policies; business practices, procedures, and protocols; building management practices, procedures, and protocols; financial records; tax returns; construction and renovation records; employee handbooks; leases; subleases; license agreements; municipal permit applications; insurance policies; municipal licensing compliance; and security records; and video surveillance recordings.

**PLEASE TAKE NOTICE** that, in the event you fail to furnish responses to these interrogatories within thirty (30) days of your receipt of same, a motion will be made, in accordance with the FRCP, rules of this Court, and the individual rules of the presiding judge for an order precluding you from offering any evidence at the trial of the above action for which particulars have not been furnished.

7

PLEASE TAKE NOTICE that you are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in FRCP 26(e).

Dated: New York, New York
November 19, 2025

Respectfully submitted,

THE MARKS LAW FIRM, P.C.

By: _____
Richard M. Madnick, Esq.
*Attorneys for Plaintiff*
155 East 55th Street, Suite 4H
New York, NY 10022
Tel: (646) 770-3775
Email: rmadnick@markslawpc.com

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                    Plaintiff,

    v.

NEW WEN ZHOU WIRELESS, INC.,
and WING HEE CONDOMINIUM INC.,

                    Defendants.

**PLAINTIFF'S FIRST REQUEST
TO PRODUCE AS TO
WING HEE CONDOMINIUM INC.**

Case No.:  1:25-cv-00070-RA

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure ("FRCP"), Plaintiff, ALTAUNE BROWN, by and through his counsel, The Marks Law Firm, PC, serves the following request to produce upon the Defendant, WING HEE CONDOMINIUM INC. ("Defendant"), and requests that they be answered fully and under oath within thirty (30) days of service pursuant to FRCP Rule 34.

### DEFINITIONS

1.    "ADA" shall mean and refer to the Americans with Disabilities Act, 42 U.S.C § 12181-12189.

2.    The "NYCHRL" shall mean and refer to the New York City Human Rights Laws.

3.    The "NYSHRL" shall mean and refer to the New York State Human Rights Laws.

4.    "And" and "or," embrace both the conjunctive and disjunctive, as circumstances may make appropriate.

5.    "Document," "documents," and "documentation" are intended to have the broadest permissible meaning under the FRCP, and include, without limitation, all communications, as well as all letters, correspondence, memoranda, notes, telegrams, facsimiles, emails, .PDF or other digital file formats, pamphlets, manuals, reports, ledgers, records, studies, books, working papers,

9

diaries, calendars, charts, papers, drawings, plans, blueprints, specifications, sketches, graphs, data sheets, data processing cards, tapes, sound recordings, and every manner of written, printed or recorded graphic or photographic matter, sound reproduction, magnetic impulse or computer entry, including electronic mail or correspondence via computer; however any of the above may be produced, reproduced, reduced, recorded, punched, stored, taped, transcribed or received; and documents which are now or were formerly in your possession, custody, or subject to your control, including all documents stored at any warehouse or storage facility. You need not produce identical copies of documents. However, handwritten, or other notations of any kind on a copy of a document render such a document nonidentical and subject to production. Further, the terms "document," "documents," or "documentation" shall include all pages, attachments, and inclusions or enclosures, whether in draft or final form, whether in a paper or digital format.

6.       "Written communications" is intended to have the broadest permissible meaning under the FRCP, and shall be defined in conjunction with the above-defined terms "Document," "documents," and "documentation." without limitation, all communications, as well as all letters, correspondence, memoranda, notes, telegrams, text messages, instant messages, direct messages, emails, facsimiles, .PDF or other digital file formats, handwritten letters, messages, or memorandum.

7.       "Identify," "identification," or "listing," when referring to a natural person or employee, means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or his attendance at a place of examination and shall include, without limitation, his or his full name, his or his present or last known home address, his or his present or last known business affiliation and address, title, and occupation, and a telephone number where that person can be reached. With respect to a corporation or other entity which is not a natural person, the full name of such organization or entity, the form of such

10

organization (i.e., corporation, partnership, etc.), and the address of the principal office or place of business of such organization or entity.

8.    "Action" shall be defined as this lawsuit and the caption and Civil Case Number stated above.

9.    "Defendant" shall be defined as WING HEE CONDOMINIUM INC.

10.    "Defendants" shall be defined as the defendants in this Action.

11.    "Defendants' Premises" shall be defined as the location and real property located at 17 East Broadway, New York, NY 10002, and also means the public accommodations within Defendants' Premises as described in the Complaint.

12.    "Person," unless otherwise specified, means a natural person, firm, partnership, trust, estate, association, corporation, proprietorship, governmental body, governmental agency, commission, or any other organization or entity.

13.    "Reflecting," "referring to," or "relating to," means discussing, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, explaining, considering recommending, concerning, or pertaining to, in whole or in part.

14.    "ADA Standards" shall mean and refer to each of 28 C.F.R. pt. 36 Appendix A; 28 C.F.R. pt. 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

15.    "NY Accessibility Standards" shall mean and refer to each of Subchapter Four Subarticle Two of the 1968 New York City Building Code (Local Law 58 of 1987) and Chapter 11 of the 2008 New York City Building Code all referenced standards noted in each of the foregoing.

16.    "DOB" shall mean and refer to the New York City Department of Buildings.

17.    "Relevant Time Period" is from January 1, 1990, through the date of this demand.

11

## **PRODUCTION INSTRUCTIONS**

1. In producing documents in response to the attached request, you are requested to identify and furnish all documents in your possession, custody, or control, or in the possession, custody, or control of your employees, representatives, and agents, including non-privileged documents in the possession, custody, or control of counsel.

2. Wherever or whenever responsive information relating to any Document or answer to Document is withheld on the claim of privilege, state the basis for the claim or privilege. If such claim of privilege relates to a Document, identify the author, addressee, and all recipients of copies of the Document, setting forth the date and general subject matter thereof, and state the basis for the claim for privilege. Whenever a claim or privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof, and state the basis for the claim of privilege.

3. If any of the documents cannot be produced in full, produce to the extent possible, and specify the reasons for the inability to produce the remainder.

4. In the event that any document called for by the attached request has been destroyed, discarded, transferred, or otherwise disposed of, that document is to be identified as completely as possible, including, but not limited to, the following information: its date; its author; a description of the type of document; the names and job titles of all addressees; and all other persons to whom the document was distributed; a summary of the content of the document; a description of its attachments or appendices; the date of disposal; the reason for disposal; the names and job titles of all persons who authorized disposal; and the names and job titles of all persons who disposed of the document.

5.      Each Document calls for not only your knowledge, belief, and information, but also for knowledge, belief, and information available to you by reasonable inquiry, including inquiry of your representatives, attorneys and others acting on your behalf.

6.      In providing the documents responsive to the attached request, you are asked to organize and label the documents so as to identify the request(s) to which they are responsive.

7.      The obligation to produce documents or things responsive to the Request continues in nature. If, at any time, Defendants learn that the disclosure or response is incomplete or incorrect, and if the additional or corrective information or document has not otherwise been made known to Defendants during the disclosure process, Defendants must supplement or correct the disclosure or response immediately.

## DEMAND FOR DOCUMENTS

1.      Produce the deed to the Defendants' Premises.

2.      Produce the lease, if any, for Defendants' Premises during the Relevant Time Period.

3.      Produce all leases, sub-leases, lease amendments, lease assignments, and lease assumptions entered between the Defendants, if any, for Defendants' Premises during the Relevant Time Period.

4.      Produce all documents which reflect and/or relate to all remodeling of, construction on, renovation to; and/or alterations to Defendants' Premises during the Relevant Time Period.

5.      Produce all contracts, agreements, proposals, work orders, receipts, reports, architectural plans, and permit applications relating to the remodeling of, construction on, renovation to; and/or alterations to Defendants' Premises for the Relevant Time Period.

6.      Produce all architect and/or engineer reports, plans, studies, feasibility reports, or other documents relating to Defendant's efforts to have Defendants' Premises comply with the

13

ADA, NYCHRL, NYSHRL, ADA Standards, and NY Accessibility Standards for the Relevant Time Period.

7. Produce all documents which reflect, mention, memorialize, or discuss the costs of sums paid by or on behalf of Defendant, and/or its predecessors-in-interest, for the remodeling of, construction on, renovation to; and/or alterations to Defendants' Premises for the Relevant Time Period.

8. Produce all building permits and building permit applications, whether approved or denied, for Defendants' Premises during the Relevant Time Period.

9. Produce all preliminary, draft, amended, and corrected surveys, architectural plans, drawings, designs (including feasibility studies), construction plans, zoning studies, studies and/or surveys related to permit applications to the DOB, whether approved or denied, including correspondence, notes, comments, objections, response to objections, feasibility studies and inspection reports, for Defendants' Premises during the Relevant Time Period.

10. Produce all documentation relating to, referring to, or reflecting waivers sought, granted, or denied by the DOB, or any other New York City agency or official related to the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards or that might otherwise impact an individual with disabilities ability to have independent access and free travel to Defendants' Premises for the Relevant Time Period.

11. Produce all reports, plans, studies, analyses, notes, or other documents relating to Defendant's efforts to determine what readily achievable modifications can be made to Defendants' Premises so that Defendants' Premises would comply with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards for the Relevant Time Period.

12. Produce all reports, plans, studies, analyses, notes, or other documents relating to Defendant's efforts to determine what reasonable accommodations could be provided or offered

14

to an individual with disabilities at Defendants' Premises so that Defendants' Premises would comply with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards for the Relevant Time Period.

13. Produce all internal or third-party reports, plans, studies, analyses, notes, or other documents relating to Defendant's compliance with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards for Defendants' Premises during the Relevant Time Period.

14. Produce all documents relating to, referring to, or reflecting Defendants' Premises compliance with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards for the Relevant Time Period.

15. Produce all documents relating to, referring to, or reflecting review, consideration, advice, or information about wheelchair-accessible entrances, wheelchair accessible sales and service counters, wheelchair accessible reach ranges, wheelchair accessible restrooms, wheelchair accessible routes, wheelchair accessible tables, bars and seating or changes to entrances so that Defendants' Premises would comply with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards for the Relevant Time Period.

16. Produce all documents, including but not limited to tax returns, income statements, and loan applications, that state, detail, or identify Defendant and/or its predecessor(s) in interest gross revenue derived from Defendants' Premises for each calendar year for the Relevant Time Period.

17. Produce all documents that state, detail, or identify the expenses incurred and/or paid by or on behalf of Defendant and/or its predecessor(s) in interest regarding Defendants' Premises during each calendar year for the Relevant Time Period.

18. Produce all documents that state, detail, or identify the cost or amount expended to

15

modify Defendants' Premises to assure compliance with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards for the Relevant Time Period.

19.     Produce all documents that state, detail, or identify the cost or amount expended to renovate Defendants' Premises, including without limitation the public accommodations therein, for the Relevant Time Period.

20.     All documents that reflect Defendant's compliance with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards from an architect, engineer, expediter, tradesperson, or other vendor or for the Relevant Time Period.

21.     All documents that reflect Defendant's compliance with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards from a government agency for the Relevant Time Period.

22.     All notices, written communications, demands, and/or violations received by Defendant and/or its predecessor(s) in interest, and/or their representative(s), from an individual, entity, and/or governmental agency related to Defendant's compliance with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards for the Relevant Time Period.

23.     All documents Defendant intends to rely upon in support of its affirmative defenses.

24.     All documents Defendant intends to rely upon in support of its counterclaims.

25.     All prior documents, written communications, or other notices related to Defendant's compliance with the ADA, ADA Standards, NYCHRL, NYSHRL, and NY Accessibility Standards for the Relevant Time Period.

26.     Produce all insurance policies related to Defendants' Premises that were in effect on the date of occurrence stated in the Complaint.

27.     Produce all surveillance footage for the thirty (30) days before and after the date of occurrence stated in the Complaint.

16

28.     Produce all photographs taken by Defendant as part of its investigation of this Action.

29.     Produce all written communications to any third party regarding this Action, except for those subject to attorney-client privilege.

30.     Produce all internal documents, written communications, or other notices of Defendant regarding this action, except for those subject to attorney-client privilege.

31.     Produce all documents, written communications, or other notices sent or received between Defendants regarding this action, except for those subject to attorney-client privilege.

**PLEASE TAKE NOTICE** that, in the event you fail to furnish responses to these requests to produce within thirty (30) days of your receipt of same, a motion will be made, in accordance with the FRCP, rules of this Court, and the individual rules of the presiding judge for an order precluding you from offering any evidence at the trial of the above action for which particulars have not been furnished.

**PLEASE TAKE NOTICE** that you are under a continuous obligation to supplement your answers to these requests to produce under the circumstances specified in FRCP 26(e).

Dated: New York, New York
        November 19, 2025

                                        Respectfully submitted,

                                        **THE MARKS LAW FIRM, P.C.**

                                By: _____
                                        Richard M. Madnick, Esq.
                                        *Attorneys for Plaintiff*
                                        155 East 55th Street, Suite 4H
                                        New York, NY 10022
                                        Tel: (646) 770-3775
                                        Email: rmadnick@markslawpc.com

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAUNE BROWN,<br><br>                         Plaintiff,<br>    v.<br><br>NEW WEN ZHOU WIRELESS, INC.,<br>and WING HEE CONDOMINIUM INC.,<br><br>                  Defendants. | **NOTICE DECLINING SERVICE BY MEANS OF ELECTRONIC OR FACSIMILE TRANSMITTAL**<br><br>Case No.:  1:25-cv-00070-RA |

**PLEASE TAKE NOTICE**, that pursuant to Federal Rules of Civil Procedure, the undersigned will not accept service of papers, notices, motions, by facsimile (fax), electronic transmittal, or by any other electronic means, unless required by the FRCP, rules of this Court, and the individual rules of the presiding judge, or agreed to in writing.

Dated: New York, New York
       November 19, 2025

                               Respectfully submitted,

                               **THE MARKS LAW FIRM, P.C.**

By: _____
                            Richard M. Madnick, Esq.
                            *Attorneys for Plaintiff*
                            155 East 55th Street, Suite 4H
                            New York, NY 10022
                            Tel: (646) 770-3775
                            Email: rmadnick@markslawpc.com

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Case No.:  1:25-cv-00070-RA

ALTAUNE BROWN,

                Plaintiff,

v.

NEW WEN ZHOU WIRELESS, INC., and WING HEE CONDOMINIUM INC.,

                Defendants.

**AS TO DEFENDANT WING HEE CONDOMINIUM INC.:**

- **Plaintiff's Rule 26 Initial Disclosures pursuant to the Federal Rules of Civil Procedure**

- **Plaintiff's First Request for Interrogatories**

- **Plaintiff's First Request to Produce**

- **Notice Declining Service by Means of Electronic or Facsimile Transmittal**

THE MARKS LAW FIRM, PC
*Attorneys for Plaintiff*
155 E 55th Street, Suite 4H
New York, NY 10022

 **Gmail**

<span style="float:right">**Bradly Marks <bmarkslaw@gmail.com>**</span>

## 37.2 meet and confer - 1:25-cv-00070-RA Brown v. New Wen Zhou Wireless, Inc.
3 messages

**Bradly Marks** <bmarkslaw@gmail.com>                                Thu, Feb 5, 2026 at 11:16 AM
To: "Morton S. Minsley, Esq." <minsleylaw@me.com>
Cc: Richard Madnick <rmadnick@markslawpc.com>

Counselors,

I am following up on the discovery demands. We have discovery obligations that you have completely ignored.

We served the attached discovery demands on November 19, 2025 . The CMP was entered on December 5, 2025  - see attached.  The deadline to respond to discovery  has far passed on January 5, 2026.   It is now February 5, 2026 and we have not received any  responses whatsoever, nor have you objected to the demands, or provided the initial disclosures or requested an extension. We are coming up on deadlines yet you have not provided anything in terms of documents or initial disclosures and are seriously impeding upon our ability to  prosecute this matter and proceed with meeting the discovery deadlines.

We are therefore requesting a 37.2 meet and confer on the above discovery issue either today or today at 3pm, or  Friday at 12pm (we can be flexible on times).Let me know what works for you.

If we are unable to engage in the rule 37.2 meet and confer or unable to resolve the current discovery issues by Monday at 2:00pm, for any reason with, then we will raise the issue with the court in a 37.2 conference seeking an order compelling production or striking the answer and all other remedies the court deems appropriate.

Please let me know if the above times works or a time that works for you and I will circulate a dial-in.


--
Regards,


Bradly G. Marks
The Marks Law Firm, P.C
155 East 55th St, Suite 4H
New York, NY 10022
T: (646) 770 - 3775
F: (646) 867 - 2639
www.markslawpc.com


**CONFIDENTIALITY NOTE AND WIRE FRAUD WARNING:** The information contained in this e-mail message and any attachment is confidential information intended for the use of the individual or entity named in this message. This information may be protected by attorney/client privilege, work product privilege or other laws, rules, and regulations providing for the protection of confidential communications. If you are not the intended recipient, you are hereby notified that any retention, use, copying or forwarding of this message is prohibited. If you have received this e-mail message in error, please contact the sender of this message by return e-mail and delete this message and any attachments. Wire fraud continues to be a serious and prevalent issue. Before wiring any money, call your lawyer or paralegal or real estate broker using contact information found from an independent source, to verify any funding instructions received. Hacked or fraudulent emails can contain misleading phone numbers. NEVER rely on email for contact information and pay close attention to the email properties (such as variations of domain names, different "reply to" email addresses, etc. Be vigilant and stay paranoid. WE WILL NEVER SEND YOU A REQUEST FOR WIRE INSTRUCTIONS VIA EMAIL. WE ONLY ACCEPT

THIS INFORMATION IN PERSON, THROUGH AN ENCRYPTED EMAIL, SECURE PORTAL, OVER THE TELEPHONE OR SENT VIA FEDEX OR USPS. THE BENEFICIARY ACCOUNT FOR INCOMING WIRES WILL ALWAYS BE; "The Marks Law Firm, PC" unless otherwise designated and confirmed by phone. PLEASE CALL US AT 646 770 3775.

---

**2 attachments**

 **DISCOVERY - Wing Hee Condominium (111925).pdf**
303K

 **New Wen Zhou - CMP.pdf**
311K

---

**Morton S. Minsley, Esq.** <minsleylaw@me.com>                          Fri, Feb 6, 2026 at 12:03 PM
To: Bradly Marks <bmarkslaw@gmail.com>
Cc: Richard Madnick <rmadnick@markslawpc.com>

Jus called and left vm.

Thanks,

Morton S. Minsley, Esq.
Attorney at Law
101 Lafayette Street, 10th Floor
New York, NY 10013
Phone:    (212) 346-0849
E-Mail:    Minsleylaw@me.com

> [Quoted text hidden]
> [Quoted text hidden]
> <DISCOVERY - Wing Hee Condominium (111925).pdf><New Wen Zhou - CMP.pdf>

---

**bmarkslaw@gmail.com** <bmarkslaw@gmail.com>                          Fri, Feb 6, 2026 at 12:11 PM
To: "S. Minsley Morton Esq." <minsleylaw@me.com>
Cc: Richard Madnick <rmadnick@markslawpc.com>

Morton,

Thanks for discussing on the meet and confer just now regarding this matter.

In sum, you expressed you have been with a lot of cases, and requested two weeks to respond to our demands. We consented. The date the responses are due, as agreed , is February 20,2026.

You also consented to the status letter, but with the updated agreed deadline. We will file soon.

To that end, did you want to try and resolve this case as we previously discussed? We can recut a Referal to the magistrate judge?

Let me know and we can make a request.

Bradly G Marks

Sent from my iPhone - please excuse my autocorrect

On Feb 6, 2026, at 12:03 PM, Morton S. Minsley, Esq. <minsleylaw@me.com> wrote:

Jus called and left vm.

[Quoted text hidden]