**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ALTAUNE BROWN*,*

                             Plaintiff,

                -against-

NEW WEN ZHOU WIRELESS, INC., *et al.*,

                        Defendants.
-------------------------------------------------------------------X

**25 Civ. 70 (RA) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On June 24, 2026, the Court held a video conference with respect to Plaintiff's second letter motion for a conference based on Defendant Wing Hee Condominium Inc.'s ongoing discovery deficiencies. (Dkt. No. 81; Dkt. Nos. 64, 66, 68, 73, 78).

During a prior conference on May 15, 2026, the Court ordered Defendant, *inter alia*, to provide certain interrogatory supplements, correct an improper interrogatory verification, provide a copy of the management agreement between Defendant and Bethel Management, and provide an affidavit from a qualified representative of Bethel stating that (1) the entity had authority to speak on behalf of the condominium entity, (2) Bethel had conducted a reasonable search for records requested by Plaintiff, and (3) no such records were in Defendant's possession, custody, or control. The deadline for production of that affidavit was left to be determined by the parties following meet and conferral.

In a May 27 status letter, the parties noted that they had conferred on these issues, among others, and that Defendant was in the process of preparing to comply with the Court's prior orders. (Dkt. No. 78). The parties also wrote that Plaintiff was awaiting a response from Defendant's counsel "as to the timeframe for his supplemental response, that does not extend

beyond June 9, 2026." (Id. at 2).  On June 10, however, Plaintiff wrote that he had received no such materials, despite the Court's prior orders, and requested a conference on these issues. (Dkt. No. 81).

During the June 24 conference, Defendant's counsel attested that he had sent certain responsive materials, including the interrogatory verification, supplemental interrogatory responses, and management agreement, to Plaintiff's counsel.  Plaintiff's counsel confirmed receipt of an email purporting to attach those materials, sent less than one hour prior to the start of the conference.  Plaintiff's counsel is presently reviewing those materials.  However, no affidavit from a representative of Bethel Management was included.  Moreover, it was unclear from Defendant's statements in the June 10 letter and at the June 24 conference whether he has ascertained with Bethel Management and his client whether or not there are responsive documents to Plaintiff's document requests, including with respect to work done in common areas of the building.  The Court has opted to allow Defendant one more chance to resolve these deficiencies.

Accordingly, and for the reasons discussed during the conference, it is hereby ORDERED that:

1. By no later than July 6, 2026, Defendant shall produce any documents responsive to Plaintiff's documents requests (including with respect to work done in common areas) and shall provide Plaintiff with affidavits from representatives of Bethel Management and Wing Hee attesting Bethel and Wing Hee (as the case may be) conducted a reasonable search for documents, and outlining those efforts, and that, after such a search, no such records which have been located other than the documents, if any, that have been produced to Plaintiff; and

2.  The parties shall file a joint status letter updating the Court on the progress of discovery by no later than Tuesday, July 7, 2026; and

3.  If, for any reason, Defendant cannot comply with the requirements Paragraph 1 by the deadline of July 6, 2026, Defendant must submit a letter seeking an extension PRIOR to the expiration of the deadline, explaining what efforts have been undertaken and why the deadline could not be met despite those efforts.

**SO ORDERED.**

DATED:   New York, New York
         June 30, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

3